## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### *Southern Division*

| | | |
|---|---|---|
| **In re:** | | |
| **MARY HAYES JENKINS** *et al.* | * | |
| | * | |
| **Debtors.** | * | **Bankruptcy Case No.: 13-28946** |
| | * | **Adversary Case No.: 16-370** |
| _____ | * | |
| | * | |
| **MARY HAYES JENKINS** *et al.* | * | |
|     **Appellants,** | * | |
| **v.** | * | **Case No.: 17-625** |
| | * | **Case No.: 17-626** |
| | * | |
| **WELLS FARGO BANK, N.A.,** *et al.* | * | |
|     **Appellees.** | * | |
| | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM OPINION

Appellants Mary Hayes Jenkins and Mark Quarterman Jenkins filed these appeals from

two orders issued by the United States Bankruptcy Court for the District of Maryland: an order

dismissing their adversary proceeding for lack of subject matter jurisdiction, ECF No. 1 (17-

1626), and an order denying as moot their Motion to Stay proceedings pending a ruling on their

Motion for Withdrawal of Reference, ECF No. 1 (17-1625). As grounds for reversal of both

orders, Appellants argue that the Bankruptcy Court erred in dismissing the adversary proceeding

without first addressing their Motion to Stay on its merits. The Court has jurisdiction over these

appeals because the Bankruptcy Court's order dismissing the adversary proceeding was a final

order pursuant to 28 U.S.C. § 158(a)(1) and the order denying Appellants' Motion to Stay was

final according to the "more pragmatic," "less technical," "relaxed rule of appealability in

bankruptcy." *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1009 (4th Cir. 1986). No hearing is

1

necessary. Fed. R. Bankr. P. 8019; *see also* Loc. R. 105.6 (D. Md. 2016). Because the Court

finds that the Bankruptcy Court did not abuse its discretion by continuing administration of the

adversary proceeding despite the filing of a Motion to Stay, and Appellants do not challenge the

order dismissing the proceeding on its merits, the appealed from orders will be affirmed.

## I.      BACKGROUND

On August 4, 2016, Appellants filed an adversary proceeding against Appellees Wells

Fargo Bank, N.A. (Wells Fargo), as servicer, and U.S. Bank National Association. ECF No. 3-1.[1]

Appellants asserted claims arising out of a prolonged loan modification process connected to a

deed of trust loan held by Appellees. *Id.* Appellants requested a jury trial. *Id.* Before Appellants

filed this adversary proceeding, the Bankruptcy Court confirmed their plan in the main Chapter

13 bankruptcy case on March 1, 2016. ECF No. 3-55. The loan subject to dispute in the

adversary proceeding was addressed in the plan this way:

> If any secured claim not described in the previous paragraphs is filed and not
> disallowed, that claim shall be paid or otherwise dealt with outside of the plan
> directly by the Debtor[s], and it will not be discharged upon completion of the plan.
> ***Wells Fargo Home Mortgage – to be treated outside plan – Loan Modification
> and/or Litigation.***

*Id.* ¶ 2.e.vi. (emphasis in original). Appellees moved to dismiss the adversary proceeding on

September 9, 2016. ECF No. 3-7 ¶ 1. Appellants then filed a Motion for Withdrawal of

Reference on September 26, 2016. ECF No. 3-7.

After the parties filed amended pleadings, the Bankruptcy Court issued a show cause

order on December 28, 2016 asking whether the adversary proceeding should be dismissed for

lack of subject matter jurisdiction. ECF No. 3-31. Both parties responded on January 11, 2017.

ECF No. 32, 35.

---

[1] ECF references are to case no. 17-625 unless otherwise stated.

On January 13, 2017, Appellants moved to stay proceedings pending a ruling from this

Court on their Motion for Withdrawal of Reference. ECF Nos. 3-36, 3-69. Appellants filed the

Motion to Stay in both the adversary proceeding and the main bankruptcy case. *Id.* On February

17, 2017, notwithstanding the pending Motion to Stay, the Bankruptcy Court issued a

memorandum opinion and order dismissing the adversary proceeding without prejudice for lack

of subject matter jurisdiction. The Bankruptcy Court did not rule on the Motion to Stay the

adversary proceeding, but, on February 22, 2017, it denied as moot the identical Motion to Stay

pending in the main bankruptcy case. ECF No. 3-78. Because the Bankruptcy Court had

dismissed the adversary proceeding, this Court dismissed as moot the Appellants' Motion to

Withdraw Reference on February 24, 2017. ECF No. 3-79.

On March 2, 2017, Appellants noticed appeals of the Bankruptcy Court's orders

dismissing the adversary proceeding and denying the Motion to Stay. ECF No. 1. This Court

ordered that briefing be consolidated in these two appeals. ECF No. 17. In April 2017,

Appellants filed a Complaint in this Court with the same allegations that previously pended

before the Bankruptcy Court in the adversary proceeding. *Jenkins et al v. Wells Fargo Bank*,

*N.A.*, Case No. 17-cv-928-GJH.

## II.    STANDARD OF REVIEW

The core issue in these appeals is whether the Bankruptcy Court erred in failing to rule on

the merits of Appellants' Motions to Stay before dismissing the adversary proceeding and

mooting Appellants' Motion for Withdrawal of Reference. A lower court's "[f]ailure to consider

and rule on significant pretrial motions before issuing dispositive orders" is reviewed for "abuse

of discretion." *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997);

*Ellison v. Ford Motor Co.,* 847 F.2d 297, 300–01 (6th Cir.1988) (finding district court's failure

to rule on motion to amend complaint before granting summary judgment abuse of discretion);

*McDonnell Douglas Corp. v. Polin,* 429 F.2d 30, 31 (3d Cir.1970) (directing district court to

consider and rule on motion to transfer). Further, "[t]he grant or denial of a request to stay

proceedings calls for an exercise of the" bankruptcy court's "judgment to balance the various

factors relevant to the expeditious and comprehensive disposition of [cases] on the court's

docket." *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 375 (4th Cir. 2013). Thus, the

Court reviews both the decision not to rule on Appellants' Motion to Stay the adversary

proceeding (the only ground Appellants give for reversal of the order dismissing the proceeding)

and the denial of the Motion to Stay the main Bankruptcy case for abuse of discretion.

## III.    DISCUSSION

Appellants contend that the Bankruptcy Court should have stayed the adversary

proceeding while the District Court considered the Motion to Withdraw Reference. However,

Bankruptcy Rule 5011(c) states that proceedings are not stayed when a motion to withdraw

reference is filed unless the court so orders. Specifically,

> [t]he filing of a motion for withdrawal of a case or proceeding or for abstention
> pursuant to 28 U.S.C. § 1334(c) shall not stay the administration of the case or
> any proceeding therein before the bankruptcy judge except that the bankruptcy
> judge may stay, on such terms and conditions as are proper, proceedings pending
> disposition of the motion.

Bankruptcy Rule 5011(c). By the rule's plain terms, the Bankruptcy Court is not required to

abstain or stay proceedings pending a district court's decision on a motion for withdrawal, and

the Bankruptcy Court has wide latitude to determine if a stay is proper pending disposition of the

motion. Even when a stay is proper, the rule's discretionary language suggests that the

bankruptcy court simply "may" stay the case but is not required to grant a stay. *Id.* Here, the

Bankruptcy Court did not take up the issue of a stay because it first addressed an issue of its own

4

subject-matter jurisdiction. A court must be satisfied that it has jurisdiction over a matter before

it can address any issues in the case. *Miller v. Brown,* 462 F.3d 312, 316 (4th Cir. 2006). Thus,

the Court did not abuse its discretion in deciding if subject-matter jurisdiction existed prior to

addressing the request for a stay. *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 506 (2006) ("[t]he

objection that a federal court lacks subject matter jurisdiction may be raised by a party, or by a

court on its own initiative, at any stage in the litigation . . ..").

  In any case, even if the Bankruptcy Court should have considered the Motions to Stay on

their merits, Appellants did not meet their burden to prove that a stay was proper. A party

seeking a stay of bankruptcy proceedings pending district court review of a motion to withdraw

reference must show "the likelihood of prevailing on the merits, i.e., that the pending motion will

be granted; that movant will suffer irreparable harm if the stay is denied; that the other party will

not be substantially harmed by the stay; and that the public interest will be served by granting the

stay." *In re Eagle Enterprises, Inc.*, 259 B.R. 83, 86–87 (Bankr. E.D. Pa. 2001); *see also Matter

of Interco, Inc.*, 135 B.R. 359, 361 (Bankr. E.D. Mo. 1991).

  Here, Appellants did not (and cannot) show that they would suffer irreparable harm if the

stay were denied. Appellants argue that the failure to stay led to at least two harms: statute of

limitations challenges by Appellees and a "risk of wasted resources and duplicative litigation."

ECF No. 19 at 26. However, neither of these issues were caused by the Bankruptcy Court's

orders or constitute irreparable harms. As Appellants note in their brief, Appellees were already

arguing that Appellants' claims were barred by statutes of limitations before Appellants even

requested a stay. *Id.* Thus, whether or not the Bankruptcy Court granted a stay, statute of

limitations arguments were available to Appellees.[2]

---

[2] The Court notes that it has not reviewed Appellees' statute of limitations arguments and draws no conclusions at this time about their merits.

Moreover, even to the extent that Appellants face an additional statute of limitations problem because their Complaint reached this Court later than it would have had their Motion for Withdrawal of Reference been granted, this is a problem of their own making. Appellants were plaintiffs in the adversary proceeding below, masters of their own Complaint, and under no obligation to file the Complaint as part of an adversary proceeding rather than in this Court. Because the Chapter 13 bankruptcy plan specifically indicated that the Appellants' dispute with Appellees would "be treated outside plan," ECF No. 3-55 ¶ 2.e.vi, Appellants could have anticipated that the Bankruptcy Court would determine that it lacked lack jurisdiction over the adversary proceeding. Indeed, Appellants do not even challenge the Bankruptcy Court's ruling that it lacked subject-matter jurisdiction. ECF No. 19 at 24. Ultimately, the Bankruptcy Court was not responsible for taking the reins of Appellants' litigation tactics to help Appellants avoid a statute of limitation that could have been mitigated through different strategic litigation choices.

Appellants' argument that they would suffer from "wasted resources and duplicative litigation" if the Bankruptcy Court denied their stay fails for this same reason. Appellants did not need to bring their Complaint as part of an adversary proceeding. In fact, only a month after initiating the adversary proceeding, Appellants sought to withdraw the Complaint to this Court. Thus, Appellants could have avoided any inefficiencies by choosing this Court as their forum initially.

In sum, Appellants did not meet their burden to show that a stay pending this Court's review of their Motion for Withdrawal of Reference was proper because they failed to show that they would suffer irreparable harm if the stay were denied. Further, even if Appellants had met their burden to show that a stay was warranted, the Bankruptcy Court did not abuse its discretion

by first considering whether subject-matter jurisdiction existed. Because the Bankruptcy Court's

failure to rule on Appellants' Motion to Stay is the only grounds Appellants offer for reversal of

the order dismissing the adversary proceeding, dismissal of the adversary proceeding will be

affirmed.

## IV.    CONCLUSION

For the foregoing reasons, the Bankruptcy Court's orders are affirmed. A separate Order

shall issue.


Date: <u>May 24, 2019</u>                                  /s/_____

                                                    GEORGE J. HAZEL
                                                    United States District Judge